**Electronically Filed
Intermediate Court of Appeals
29203
16-MAR-2012
08:19 AM**

NO. 29203

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


JAMES Y. MARN, JR., individually, as a partner of
San Martin-Hawaii Associates, and derivatively
for and on behalf of San Martin-Hawaii Associates,
and JEANNE MARN; KARA MARN, as partner of
San Martin-Hawaii Associates; ANNABELLE Y. DUNN TRUST
DATED JUNE 18, 1991, as partner of San Martin-Hawaii
Associates, through James K.M. Dunn, Successor Trustee;
GREGORY Y.Y. DUNN IRREVOCABLE TRUST DATED DECEMBER 17, 1993,
as partner of San Martin-Hawaii Associates, through
Jerry Tarutani and Hua Chen, Co-Trustees; ROGER Y.H. DUNN
IRREVOCABLE TRUST DATED DECEMBER 17, 1993, as partner of
San Martin-Hawaii Associates, through Jerry Tarutani and
Huo Chen, Co-trustees; LAURIEANN Y.F. DUNN IRREVOCABLE TRUST
DATED DECEMBER 17, 1993, as partner of San Martin-Hawaii
Associates, through Jerry Tarutani and Huo Chen, Co-trustees;
MICHAEL Y.H. DUNN IRREVOCABLE TRUST DATED DECEMBER 17, 1993,
as partner of San Martin-Hawaii Associates, through
Jerry Tarutani and Huo Chen, Co-trustees, Plaintiffs-Appelleees,
vs.
ALEXANDER Y. MARN, ERIC Y. MARN, STEPHEN MARN,
AND SAN MARTIN-HAWAII ASSOCIATES, a California partnership,
Defendants-Appellees.


CATHERINE MARN OBERHOLZER, in her individual capacity and
as Successor Trustee of the RYAN DUCK QUON YEE MARN
IRREVOCABLE TRUST DATED DECEMBER 17, 1993,
MARK E. UYEMURA IRREVOCABLE TRUST DATED DECEMBER 17, 1993,
SHERI ANN M. UYEMURA IRREVOCABLE TRUST DATED
DECEMBER 17, 1993, and PATRICK K.Y. MARN
IRREVOCABLE TRUST DATED DECEMBER 17, 1993,
Proposed Intervenors-Appellants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 04-1-1375)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Fujise and Ginoza, JJ.)

Proposed Intervenors-Appellants Catherine Marn Oberholzer (Catherine), in her individual capacity and as successor trustee of the irrevocable trusts of Ryan Duck Quon Yee Marn, Mark E. Uyemura, Sheri Ann M. Uyemura, and Patrick K.Y. Marn (collectively, "Proposed Intervenors"), appeal from the following orders of the Circuit Court for the First Circuit (Circuit Court): (1) "Order Denying Motion to Intervene, Filed February 6, 2008" (Order Denying Motion to Intervene), which was entered on April 1, 2008; and (2) "Order Denying Motion for New Trial, to Amend Judgment, and to Reconsider Order Entered April 1, 2008" (Order Denying Reconsideration), which was entered on May 24, 2008.[1]

I.

On appeal, Proposed Intervenors argue that the Circuit Court erred in: (1) denying their motion to intervene as a matter of right, pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 24(a)(2) (2006); (2) denying their motion to intervene requesting permissive intervention, pursuant to HRCP Rule 24(b)(2) (2006); and (3) denying their motion for a new trial, to amend findings, and to reconsider the Order Denying Motion to Intervene. We affirm.

II.

We resolve the arguments raised by Proposed Intervenors on appeal as follows:

(1) The Circuit Court did not err in denying Proposed Intervenors' motion for intervention as of right. In order to establish their entitlement to intervene as of right under HRCP Rule 24(a)(2), Proposed Intervenors must show that: (1) their motion for intervention was timely; (2) they claimed "an interest relating to the property or transaction which was the subject of the action"; (3) "the disposition of the action would, as a practical matter, impair or impede [their] ability to protect

---

[1] The Honorable Victoria S. Marks presided.

2

that interest"; and (4) their interest was inadequately represented by existing parties. Baehr v. Miike, 80 Hawai'i 341, 343, 910 P.2d 112, 114 (1996) (block quote format and brackets ommitted). Proposed Intervenors must satisfy all of these requirements, and the "[f]ailure to meet even one prevents intervention 'by right' under HRCP Rule 24(a)(2)." Id. at 345, 910 P.2d at 116.

The Circuit Court specifically ruled that Proposed Intervenors' motion to intervene was not timely filed, and we focus on the timeliness requirement. Timeliness is a "flexible concept," and the determination of timeliness "is a matter within the sound discretion of the trial court." Kim v. H.V. Corp., 5 Haw. App. 298, 301, 688 P.2d 1158, 1161 (1984). In making this determination, the trial court must consider all the circumstances, with two particularly relevant circumstances being "1) the lapse of time between when the applicant should have sought intervention and when it actually did and 2) the prejudice caused to the existing parties by that lapse of time." Id. at 301-02, 688 P.2d at 1161 (citation omitted).

Here, the original complaint was filed almost three years before, and the First Supplemental Complaint was filed eight months before, the Proposed Intervenors' motion for intervention; the predecessor co-trustee of the Proposed Intervenors' trusts and of Catherine's former trust had knowledge of the litigation from its inception; and the motion for intervention was not filed in this protracted litigation until after the Circuit Court had already held a bench trial and had also largely ruled in favor of Plaintiff James Y. Marn, Jr., on pre-trial motions for preliminary injunction and partial summary judgment. We conclude that the Circuit Court did not abuse its discretion in determining that Proposed Intervenors' motion for intervention was untimely and that the Circuit Court did not err in denying Proposed Intervenors' motion for intervention as of right under HRCP Rule 24(a)(2).

(2) A timely motion for intervention is also a required condition for permissive intervention under HRCP Rule

3

24(b)(2).  Accordingly, we conclude that the Circuit Court did not abuse its discretion in denying Proposed Intervenors' request for permissive intervention.

(3)  Proposed Intervenors' sole basis for challenging the Circuit Court's Order Denying Reconsideration is that the Circuit Court should have granted Proposed Intervenors' motion for intervention.  Because we conclude that the Circuit Court did not err in denying Proposed Intervenors' motion for intervention, we reject Proposed Intervenors' challenge to the Order Denying Reconsideration.

III.

We affirm the Circuit Court's Order Denying Motion to Intervene and Order Denying Reconsideration.

DATED: Honolulu, Hawai'i, March 16, 2012.

On the briefs:

Harrison P. Chung
for Proposed Intervenors-
    Appellants
CATHERINE MARN OBERHOLZER,
in her individual capacity
and as Successor Trustee of
the RYAN DUCK QUON YEE MARN
IRREVOCABLE TRUST DATED
DECEMBER 17, 1993, of the
MARK E. UYEMURA IRREVOCABLE
TRUST DATED DECEMBER 17, 1993,
of the SHERI ANN M. UYEMURA
IRREVOCABLE TRUST DATED
DECEMBER 17, 1993, and of the
PATRICK K.Y. MARN IRREVOCABLE
TRUST DATED DECEMBER 17, 1993

Steven Guttman
(Kessner Umebayashi Bain
    & Matsunaga)
for Plaintiffs-Appellees
JAMES K.M. DUNN, Successor
Trustee of the ANNABELLE Y.
DUNN TRUST DATED JUNE 18,
1991, and JERRY TARUTANI
and HUO CHEN, Co-Trustees
of the DUNN CHILDREN'S TRUSTS

Chief Judge

Associate Judge

Associate Judge

4